Good morning. May it please the court, Vincent Cho for the petitioner Javier Delgadillo Garcia. This is an immigration case, and I would like to state to the court this case does not involve a challenge to the agency's exercise of discretion. Whether an agency applied an erroneous legal standard in making a discretionary determination is a question of law. This court has jurisdiction to address questions of law. That's true so long as they are genuine issues of law and genuinely colorable constitutional claims. Correct. But increasingly we're finding that people clothe ordinary discretionary claims in constitutional clothing. And I think that may be the issue we have to deal with in this case, is whether or not you have dressed up ordinary claims in constitutional clothing. That may be true in other cases. It's not true in this case, either. What is the colorable question of law? Well, number one is the use of the pre-sentence report. Also, number two. That's not a question of law. The question of law is a question. Use of pre-sentence report is not a question. What's the question? What's the legal issue there? The legal issue is that this Court has held that you're not to use a pre-sentence report in determining a crime. This Court has held, and certainly the Board has held, that a conviction is a conviction. They don't have to reprove the fact of conviction. I don't see anything in the adjudication by the agency that retries the underlying case. As far as the agency is concerned, your client's guilty. He was convicted. So the fact that your client suggests at the hearing that maybe he wasn't really guilty, and you've converted this into an argument about the pre-sentence report, but I just stop at the conviction. Don't we have to stop at the conviction? We were very happy to stop at the conviction. The immigration judge stated, I am not going beyond the conviction. I am not reading anything beyond the conviction. And then he made his rulings. But it was the Board of Immigration and the Department of Home Services at the hearing that wanted to turn this proceeding into a mini-criminal trial. They're the ones that asked all the questions that went beyond the criminal proceedings. They're the ones that wanted to discuss the pre-sentence report. And the whole decision of the Board of Immigration and Appeals is a discussion of the pre-sentence report. And the pre-sentence report relies upon two things, the indictment and detective notes. And then they make a conclusion that based upon this pre-sentence report, my client has conducted criminal behavior. And then they say he's not credible because he never admitted to criminal behavior. When from the very beginning, 15 years prior, he entered a no contest plea under California law, state law, that states that if you want to have a negotiated settlement, you put the negotiations on the record. And it was put on the record that the district attorney could not prove their case. They had factual problems. It was the Immigration Service that was not satisfied. Your client was innocent. The factual problem was the witness unavailability problem. Be as it may, your client pled nolo. Your client was convicted. Why is it the agency can't assume your client is guilty of the crime for which he was convicted? We accept the conviction. What we do not accept is that he should say he admits to criminal behavior when he's never admitted in 15 years. If he would have come to the Immigration Service hearing and said I did something bad, the Immigration Service would have turned that around and said you have not admitted that for 15 years. Now you come in here and say you're sorry. So he told the truth. I did not commit any criminal behavior. I accept the criminal conviction. The judge over and over, the immigration judge. Forgive me. A nolo plea is a confession of guilt. For all practical purposes, that's what it is. He's saying I committed the crime. You can punish me accordingly. You don't have to prove it any more than that. Not going to contest it is what it technically means. So under those circumstances, what's your point? You say he didn't confess. Well, that's not necessary. The reality is he pled nolo, which means the case was decided against him. He was convicted of that crime. What are we talking about here? Number one is we accept the criminal conviction. It was the Immigration Service that wanted to go beyond that and discuss the whole criminal case. The judge said I cannot go beyond the criminal conviction. We've got this catch-22, and it's not of your client's making. It's not of the service's making. It's built into the nolo system that asks simultaneously, that allows a nolo plea, but then conditions various other things later on on various forms of rehabilitation, rehabilitation assuming that you did it. Well, sometimes, I don't know whether this is such a case, but sometimes somebody pleads nolo even though he didn't do the crime of which he's charged because the nolo plea says, listen, we'll just do a sentence to time served, and you're out of here, and bad things will happen to you, but probably better than staying in jail, so do a nolo plea. And your client says, and I don't know whether he's telling the truth or not, he says, you know, I just did a nolo plea to get out of there. I didn't do this. Once he says that, he can't simultaneously say, and I'm terribly sorry for what I did, and I'm rehabilitated from what I did because his premise is, I didn't do it. So my problem is, how is this even a coherent universe in which the IJ and the BIA are supposed to operate? I'm tempted to think that they have to assume that he did do it because he's got himself a conviction. He didn't contest the conviction, and for them to say, I didn't do it, and therefore your rehabilitation talk is nonsense is very difficult. I mean, help me out with the conundrum. Well, Your Honor, we started with the conviction. We accepted the conviction. That's why we were there asking for a waiver. It had gone up on appeal already to the Board of Immigration Appeals. Yeah, you accepted it, but you convinced the IJ that he probably didn't do it. Well, that's where we disagree. I don't think that we've actually convinced him. He said he's not going to go beyond the conviction. He accepts the conviction. He said, this individual is a registered sex offender. I accept that. I'm going to go forward from that, not back, and I'm going to go forward and look at the complete record. This is an individual who was 35 at the time of the hearing and had one conviction and 14 years without no other criminal problem. And the Board of Immigration Appeals, by their own regulations, do not have the authority to do a denoble fact-finding proceeding. And that's what they did when they went to look at the pre-sentence report. And that's what they did when they determined that they were not guilty. I read their decision as saying, we stand on the conviction. Indeed, I read them as faulting the immigration judge for appearing to delve into the facts and deciding that your client may not have been culpable in the first place. I agree. Well, why can't the BIA simply stand on the conviction? End of story. And if that's the case, what's the colorable question of law to us? Because they did not just stand on the conviction. They said that the immigration judge erred in considering the culpability of the respondent for his underlying crime. And there was no facts in the record that the judge accepted whether he was guilty or not guilty. In fact, the record says the judge and the immigration judge says, I am not in a position to determine ultimate guilt. I cannot make that determination. And I'm not going to make that determination. I'm going to accept the conviction. And that's what the immigration judge said. He also said that the respondent was credible. And the wife was credible when she testified that from the very beginning, prior and during the time of the crime and after the crime, he was saying he was not guilty of the crime. The Board of Immigration Appeals made a factual mistake in saying that the wife was not with my client at the time of the conviction and thereafter when she was, and the testimony in the record shows she was. So there's a factual error that led to them saying that my client was not credible. And this is the first time someone has said my client was not credible. The immigration judge found him credible. Also, we're not talking about discretion. They used a threshold test in this case. And they referred it twice in the decision. And they cited the matter of Busini, a 1988 BIA case, when the BIA case, Ray Javier Sotelo, had clarified Busini and stated there is no threshold test. There's no threshold test. They looked at the threshold test and used that first, and then they went to balance the other factors. That was an abuse and obviously a mistake in the Board of Immigration because they should not have used that test. Okay. Why don't we hear from the government? You've got just a little bit of time, and we'll make sure you get a chance to respond. Good morning, Your Honors. Ann Wellhoffer, respondent, United States Attorney General Holder. May it please the Court. Your Honor, what we have before us today is a non-United States citizen who is a lifetime registered sex offender who stands convicted of an absolutely heinous, serious crime involving minor children, ages three and four, sexual abuse on minor children, asking for the privilege of being permitted to remain in the United States of America. The Attorney General, the person vested with the discretion to decide whether that person is deserving of that privilege, has spoken, and the Attorney General has said no. The Attorney General did so after a very, very careful, reasoned, well-thought-out analysis of all the applicable factors under Board precedent. And having done so, the Attorney General balanced the favorable and unfavorable equities and decided this petitioner was not deserving of a favorable exercise of discretion. That decision is insulated from this Court's review, very clearly, for three reasons. First, this petitioner was found removable by reason of having committed a crime involving moral turpitude. There's a criminal alien bar under Section 1252 A2C, of which I'm sure this Court is very familiar. That bar is in place because of the facts of this case and the removal grounds. Additionally, the discretionary review bar applies in this case. This is a case of pure discretion, balancing and weighing of the equities, and that is insulated from judicial review. Thirdly, the petitioner has not raised any colorable constitutional or legal questions. He has certainly attempted to do so and has attempted to dress up what is really just his quibbling with the balancing of the equities in this case in the language of due process. Now, in your view, just to put some case names in here, we've got Rahmat on one side, but we've got Mendez-Castro. You've not yet listed case names in your argument to us, oral argument, but are you saying that Mendez-Castro basically resolves the question on a 212C waiver as to whether or not we have jurisdiction to review? Legal questions, Your Honor? Is that what you're asking? Mendez-Castro says we have no jurisdiction in that case. Correct. And are you saying that the principle of Mendez-Castro applies here, that is to say Rahmatan doesn't apply? Well, I do believe, yes, Rahmatan does not apply, and the reason is because Rahmatan talked about whether the court had jurisdiction over just pure questions of law or mixed questions of law and fact. And Rahmatan said even if you have undisputed facts, if the provision of law that you're applying those facts to is a subjective analysis that depends upon the person making the decision, if it's value-laden, then it's not even an application of law to facts. Which is what 212C is. That is what that is in this case. Now, let me ask you this, if I can. I mean, we run into variations of this problem all the time, as you're in fact recognizing in your argument, that the Petitioners are always trying to get review and so they're always trying to fit their case into categories where review is possible. And the argument here is that somehow considering the pre-sentence report violates a legal rule and therefore, I guess, we should say, send it back, make your 212C determination without looking at the pre-sentence report. What's your answer to that? Okay, that's not. If we have jurisdiction whether or not the BIA was allowed to look at the pre-sentence report. Okay. Well, that is not a colorable legal question either. And the reason is we are not here on a case where the government is on its burden of proof attempting to establish the existence of a predicate offense for purposes of removing this alien from the country. This is, we are here on a discretionary request for grant of relief, Petitioner's burden of proof. All the cases cited by Petitioner in his brief that deal with the permissible evidentiary cast, the Shepard-Taylor type of analysis and what the court can look at for purposes of deciding if there's a conviction, they don't apply in this case. It's Petitioner's burden. There's no restrictions on what he can come forth with, nor is there any restrictions on what the government could come forth with to rebut whether he has met his burden of proof here. It's an important distinction. Here's what bothers me to the extent that there's anything that bothers me with the government's case. We've got a whole body of law with which you're probably familiar about so-called categorical approach and the so-called modified categorical approach. We're trying to figure out, okay, what did the person do? What's the nature of the crime? And out of the categorical approach, we simply look at the statute of conviction and we're supposed to assume that anything that qualifies under that statute of conviction is something that that person could have done, even the least culpable within that range. And we're not allowed to get out of that categorical approach and go to the modified categorical approach in terms of what he actually did instead of what he could have been convicted for. We can't look at the PSR. We can look at certain documents, but we can't look at the PSR. So the argument, it seems to me, although it's not fully fleshed out, is, well, the BIA was perfectly entitled to look at the conviction and consider whether or not this person had been rehabilitated. The conviction's there. That assumes that he's guilty and so on. But if they're looking at the detail of what he did and trying to decide, well, how horrible was it and, therefore, what do we need to see in terms of rehabilitation, why could they look at the PSR to do that? That's the question. Why did they or why can't they? Why could they, yeah. Because, Your Honor, we're not, we are, again, we're on Petitioner's burden of proof, coming in seeking discretionary relief, the privilege of staying here. This is not the government attempting to prove a conviction for purposes of removability, in which case the evidentiary cast is clearly defined by the statute and the Shepard-Taylor analysis categorical and modified categorical. That does not apply. So Shepard, from your perspective, Shepard-Taylor has no applicability at all to a 212C waiver analysis? I, that's correct, Your Honor. He is on his burden of proof. There's certainly, there's no restrictions on the evidentiary cast. In fact, the Board is required to look at the circumstances surrounding the conviction. The record of conviction establishes that all the Board did was weighed the fact of his conviction as part of its weighing and balancing here. It looked as well as it's supposed to. But you in your very recitation of the horrible things that he did, you're not looking at the documents that we would be allowed to look at under the modified categorical report. You're pulling that out of the PSR. Well, that's correct, Your Honor. And the government is not constrained by those evidentiary states. Let me agree with what you say, but ask whether, in fact, you can simply read the name of the offense and stop there. I mean, the point of this here is a conviction of lewd and lavish conduct on a child under 14. I suspect under any categorical approach, that's going to be accepted as a crime of moral turpitude. The only cases I can think of remotely in the area have to do with the question of whether somebody who's 17 who sleeps with somebody who's 16 and so forth. But we know that's not what we're talking about here. The problem posed by this case is the petitioner is essentially saying, but I didn't do it. And he's got some credible explanation for maybe he pled no low under the circumstances, even though he didn't do it. But if we're stuck in a categorical approach, and I don't think we are, I think we've been done a long time ago. Because once you read the name of the statute that he's accused of violating, that kind of ends the game. Well, that's an excellent point, Your Honor. And, yes, the language of the statute and the fact of his guilt, which was established by that conviction, perhaps we could have just stopped there. But the Board didn't, and it was not improper. The Board is required to look at the circumstances surrounding the conviction. And that is what the Board did here. And the petitioner came out on the negative end of the balancing act. And his quibble is with that before this Court. But here's the argument. And I'm not sure. I'm frankly on the fence on this one. But it's entirely possible. And let me say it this way. If the BIA had merely said his conviction was for lewd and lascivious acts on a minor under the age of 14, and that's the conviction, we know nothing more about it than that. Here's the evidence he gives as to rehabilitation. We think that's not enough, and we deny 212C. Game's over. I can't touch it. I have nothing to review. But that's not what they did. They also said, and I'm now on page AR200, they recite the evidence in some detail that comes out of the PSR in terms of not only was he convicted, here are the horrible things that he did for which he was convicted. I think the argument against your side is, well, maybe we should send it back to the BIA so that they exercise their discretion merely based upon the fact of conviction without consulting the PSR. What's your response to that? Well, I guess I'd go back to what I said initially. He's coming forth on his burden, and I do not believe that there are constraints on the body of evidence that the Board can look at in making a discretionary analysis. And the Board is required to look at the circumstances surrounding the conviction. But how does it know they're true? That's to say, the reason we don't allow the Board to look at the PSR and other circumstances is, for our money and purposes of categorical approach and modified, we're not sure that it's true. I think the posture of the case is entirely different, though. This is a petitioner coming forth seeking discretionary relief on his own burden of proof. Do you have any case law that states what you did to me a while ago, which is that the Shepard-Taylor analysis does not apply when the Board is conducting a 212C waiver analysis? I do not have any to cite to you today. And this is, as this Court is probably well aware, this issue of what the evidentiary cast is is the subject of a, in fact, in the Nezhawan case, is the subject of a Supreme Court cert petition. But again, in the Nezhawan case, the government was on its burden of proof and was trying to look at evidence outside the record of a conviction for the non-predicate offense portion of the crime. I think in that case it was the $10,000 figure. I think the posture of the case is critical. We are not trying to prove immovability. That is conceded. And again, the Board is required to weigh everything, the totality of the circumstances, and come out on one end or the other of a balancing act. That's what the Board did. The Board followed all of its constraints or confines of that analysis, as defined by Board precedent decisions. And petitioner's opportunity to prove his innocence is not in that forum before the immigration judge. He's not trying to prove his innocence. He concedes that he, you know, okay. I'm willing to say, well, I think all of us here, he's got a conviction. He can't now say he's innocent. My question, and I'm not speaking to the others, is, but is the BIA able to go into the detail of what the PSR said he did? Okay. But I won't take any more of your time, so I'll let the other questions advance. Sure. In respect to the Honor, I think that petitioner is attempting to convince the discretionary wearer of the evidence that he was not guilty. He is trying to do so, and he wants that to be weighed in his favor. And the immigration judge, to the extent he did that, was in error, and the Board corrected that error. Okay. Thank you. Thank you. Your Honor, we're here on a rehabilitation case. We're trying to establish rehabilitation. The Immigration Service, Department of Home Services, Homeland Services, wanted him to say, I'm guilty and I'm sorry. And that's why the Board of Immigration Appeals went into the pre-sentence report, to determine, because he refused to say, I'm sorry and I'm guilty. I do stand by the conviction. I do accept that. I've done all my time. How can they evaluate rehabilitation without going into that? The only way they could is by going to the pre-sentence report and determining the actual guilt, and that's what they did in this case. So you acknowledge that's the only way they could have done it, and you say they can't do it. They can't do it. So basically you're saying that you really can't conduct a 212C waiver hearing at all, because one of the elements is rehabilitation, but you can't consult the very documents that you need to in order to do that. Unless you change the rules and give us notice that we're going to have a mini-criminal trial in part of the immigration case. Then we can go in there and defend. We can call our witnesses and defend ourselves from the actual guilt. So you're saying that 212C is unconstitutional? Is that what you're telling us? I'm saying there's statutes and regulations and BIA regulations that says you cannot go beyond the conviction. And there's also regulations that rehabilitation should not depend solely on saying you're guilty. You're supposed to look at all the factors. And the reason they went into all the factors was to prove him guilty and then say you're not a credible witness, and therefore we're not going to grant you rehabilitation. And there's a recent case, Breslin v. Holder, that I mailed and electronically transferred to this Court, where it establishes what the Board of Immigrations did in this case, which was a denoble fact-finding proceeding. They overruled the immigration judge without proving or pointing to one area where he was not clearly convincing on the record. You're over time, and if you've got one sentence or two to wrap up, we're interested. Right. Well, the case was denied on rehabilitation. Rehabilitation should not rely on this omission of guilt. And rehabilitation cannot be the sole factor in granting a waiver. And that's what the whole sole waiver here was, admit guilt and we'll consider that. And because he refused to do that, they used also ‑‑ I think you should consider and look into the threshold test. They mentioned it twice. It's not supposed to be used, and it was used. Okay. Thank you very much. Thank you. Thank both sides for your argument. Delgadillo-Garcia v. Holder is submitted. The next case on the calendar is Delhay, I'm not sure I'm pronouncing it correctly, v. Holder.
judges: Fletcher W. , Clifton, Smith M.